UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ronald Edward Williams, Plaintiff,

v.

Loretta Lynch *et al.*, Defendants.

Case: 1:15-cv-01814 **F Deck**
Assigned To : Unassigned
Assign. Date : 10/26/2015
Description: Pro Se Gen. Civil

MEMORANDUM OPINION

Plaintiff, a federal prisoner proceeding *pro se*, has submitted a Complaint and an application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's case upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is incarcerated at the Federal Correctional Institution in Terre Haute, Indiana. He sues Attorney General Loretta Lynch and Bureau of Prisons Director Charles E. Samuels, Jr. The complaint is confusing and difficult to follow. Plaintiff indicates throughout the complaint that he is bringing an "Administrative Tort" claim, but the claim is based on an alleged void judgment of conviction entered in the U.S. District Court for the Northern District of New York. *See* Compl. at 9-10. Plaintiff seeks money damages and an order enjoining enforcement of the judgment and compelling his release from incarceration. *Id.* at 19.

"It is well-settled that a prisoner seeking relief from his conviction or sentence may not bring [an action for injunctive and declaratory relief].") (citations omitted). *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (per curiam). Plaintiff's remedy lies exclusively in the sentencing court by motion under 28 U.S.C. § 2255. *See Taylor v. United States Board of*

*Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).

In addition, because voiding the criminal judgment would necessarily invalidate plaintiff's conviction and sentence, the instant "claims are not cognizable unless and until he meets the requirements of *Heck*" by having the conviction invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal. *Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *see also id.*, quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("*Heck* applies 'no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration").[1] Consequently, this action will be dismissed for failure to state a claim. A separate order accompanies this Memorandum Opinion.

United States District Judge

Date: October 21, 2015

[1] The Court lacks jurisdiction over the damages claim against the high-level officials in their official capacities. This is because the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, provides a limited waiver of the sovereign's immunity for money damages "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*, § 1346(b)(1). The complaint's allegations, such as they are, do not shed any light on how a private individual could be liable to plaintiff for a judgment entered by a federal judge. Moreover, The United States may be sued only upon consent "unequivocally expressed in statutory text[.]" *Lane v. Pena*, 518 U.S. 187, 192 (1996). The United States has not consented to be sued for the constitutional violations plaintiff alleges occurred as a result of the challenged judgment. *FDIC v. Meyer*, 510 U.S. 471, 476-78 (1994); *see* Compl. at 3.